UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HULEX MUSIC, EMI APRIL MUSIC INC., FUN WITH GOATS, ODNIL MUSIC LIMITED, FIFTY-SIX HOPE ROAD MUSIC LIMITED and COLGEMS-EMI MUSIC, INC., Plaintiffs | ) | C.A. No. |
| vs. | ) | CA 08 279 ML |
| WAITE'S WHARF GRILLE, LLC and ORLANDO PAPALEO, Defendants | ) | |

**COMPLAINT**

Plaintiffs, complaining of the defendants, by Vetter & White, their attorneys, allege:

1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

2. Plaintiffs allege five (5) causes of action for copyright infringement based on the defendants' public performances of copyrighted musical compositions. Schedule A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the plaintiffs, their copyrighted musical compositions, and defendants' acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in Schedule A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant Waite's Wharf Grille, LLC is a Rhode Island limited liability company which did at the times hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment,

accommodation, amusement and refreshment known as Boat Dockside, located at 25 Waite's Wharf, in Newport, in the State of Rhode Island.

5. On information and belief, defendant Orlando Papaleo is a resident of this district and, at all times hereinafter mentioned, was and still is a member of defendant Waite's Wharf Grille, LLC with primary responsibility for the control, management, operation and maintenance of the affairs of said company. The acts hereinafter complained of were done with his active assistance, cooperation, acquiescence and procurement, and he derives financial benefit therefrom.

6. Musical compositions were and are publicly performed at said place of business.

7. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

8. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17, U.S.C.

9. The plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

10. Defendants, on the dates specified in Column 7 and, upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on

defendants' premises, for the entertainment and amusement of the patrons attending said premises.

11. The performances of the plaintiffs' copyrighted musical compositions on the dates specified in Column 7 on defendants' premises were unauthorized: neither defendants nor any of defendants' agents, servants or employees nor any performer was licensed by or otherwise received permission from any plaintiff or any agent, servant or employee of any plaintiff to give such performances.

12. In undertaking the conduct complained of in this action, defendants knowingly and intentionally violated plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants did not seek or obtain a license agreement from plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all plaintiffs are members, prior to 2008.

(b) Despite numerous letters and other contacts by ASCAP representatives informing the defendants of their liability under the United States Copyright Law, defendants continued to perform copyrighted music without permission during the hours that defendants' establishment is open to the public for business and presenting musical entertainment.

(c) The many unauthorized performances at Boat Dockside include the performances of the five copyrighted musical compositions upon which this action is based.

13. At the times of the acts of infringement complained of, the plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

14. The said wrongful acts of the defendants have caused great injury to the plaintiffs, which damage cannot be accurately computed.

WHEREFORE, plaintiffs pray:

I. That defendants and all persons acting under the direction, control, permission or authority of defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in defendants' said premises, or in any place owned, controlled or conducted by defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise, without permission obtained from plaintiffs or anyone authorized by plaintiffs to license such performances.

II. That defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. §504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred Fifty Dollars ($750) in each cause of action herein.

III. That defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Benjamin V. White, No. 1652
Catherine A. Shaghalian, No. 6883
VETTER & WHITE
Attorneys for Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bwhite@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: July 24 , 2008